UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-10850 FMO (AGRx) | Date | **December 18, 2020** |
|---|---|---|---|
| Title | **Kevin Rosales v. Re/Max LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:

None Present  None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On October 16, 2020, Kevin Rosales ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against Re/Max LLC ("defendant"), asserting claims for violations of California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, et seq. and California's Disabled Persons Act ("CDPA"), Cal. Civ. Code §§ 54, 54.1. (See Dkt. 1-1, Exh. A, Complaint). On November 30, 2020, defendant removed the instant action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 3-4). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c).

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted); see Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-10850 FMO (AGRx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Kevin Rosales v. Re/Max LLC | | |

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health & Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

The court's review of the NOR makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying federal question jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc., 482 U.S. at 392, 107 S.Ct. at 2429.

The Complaint asserts only state-law claims under the Unruh Act and the CDPA. (See Dkt. 1-1, Complaint). Defendant, however, asserts in conclusory fashion that federal question jurisdiction exists because "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act [('ADA')], 42 U.S.C. §§ 12182, et seq." (Dkt. 1, NOR at ¶ 4). However, the fact that plaintiff relies in part on ADA violations as the basis for his state law claims, (see Dkt. 1-1, Exh. A, Complaint at ¶¶ 9, 15-18); Bell v. Retail Servs. & Sys., Inc., 2018 WL 3455811, *2 (N.D. Cal. 2018) ("[T]he Unruh Act and the CDPA incorporate the ADA, such that the ADA may serve as a 'hook' for an alleged violation of state law."), is insufficient to confer federal question jurisdiction. See, e.g., Pizarro v. CubeSmart, 2014 WL 3434335, *2-3 (C.D. Cal. 2014) (remanding action asserting Unruh Act and CDPA claims for lack of federal question jurisdiction); Bell, 2018 WL 3455811, at *2 (same); Rios v. New York and Company, Inc., 2017 WL 3575220, *2 (C.D. Cal. 2017) (finding plaintiff's reliance on ADA violations as a hook for violation of the Unruh Act did not confer federal question jurisdiction); Thurston v. Omni Hotels Mgmt. Corp., 2017 WL 3034333, *1 (C.D. Cal. 2017) (granting plaintiff's motion to remand Unruh Act claim premised on ADA violations); see also Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856 (1983), superseded by statute on other grounds, as recognized in DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc., 852 F.3d 868, 874 (9th Cir. 2017) ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be

---

[2] Defendant seeks only to invoke the court's federal question jurisdiction. (See Dkt. 1, NOR at ¶ 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-10850 FMO (AGRx) | Date | December 18, 2020 |
| Title | Kevin Rosales v. Re/Max LLC | | |

JS - 6

resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for federal question jurisdiction. See 28 U.S.C. § 1331.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer       vdr